UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN, | No. 2:12-cv-1583 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| T. VIRGA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed a complaint alleging that Warden Virga and Rabbi Korik of CSP-Sacramento violated his First Amendment right to the Free Exercise of religion by denying him access to a kosher diet.  By Order filed on September 16, 2013, the court denied defendants' motion to dismiss on statute of limitations grounds and on grounds of qualified immunity.[1]  ECF No. 43.  Plaintiff's claims for prospective injunctive relief were dismissed as moot (as plaintiff was no longer incarcerated at CSP-Sac).  Id.  The First Amendment claim against defendant Virga was dismissed with leave to amend.  Id.  Plaintiff was also granted leave to amend to state a claim under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1.  Id.  Therefore, absent further amendment, the action was to proceed only as on plaintiff's claim for damages claim against

---

[1] The denial of qualified immunity to defendants was without prejudice.

1

1  defendant Korik.  Id.

2  On October 9, 2013, plaintiff timely filed a first amended complaint (FAC).  ECF No. 45.
3  Plaintiff has previously been informed of the standards applied to determine whether plaintiff's
4  complaint can survive dismissal for failure to state a claim.  See ECF No. 37 at 4-5.  In the
5  amended complaint plaintiff alleges violations of both RLUIPA and his First Amendment Free
6  Exercise rights by defendant Virga.  The court finds there claims cognizable pursuant to 42
7  U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  However, although he refers to defendant Korik in the
8  body of the FAC, he does not separately identify him as a party defendant at the outset as he does
9  defendant Virga; neither does he allege that Korik violated his First Amendment rights or his
10 rights under RLUIPA nor does he set forth any form of relief he seeks from Korik.

11 Plaintiff does make reference to both defendants having engaged in a conspiracy to
12 deprive him of his rights.  In making a claim of conspiracy, plaintiff fails to alleged facts showing
13 an agreement or a meeting of the minds on the part of defendants to violate his constitutional
14 rights.  Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989) (citing Fonda v.
15 Gray, 707 F.2d 435 (9th Cir. 1983)); see also, United Steelworkers of America v. Phelps Dodge
16 Corp., 865 F.2d 1539, 1540-41 (9th Cir.1989) (en banc).  Conspiracy allegations must be
17 supported by material facts and not be merely conclusory statements.  Lockary v. Kayfetz, 587 F.
18 Supp. 631, 639 (N. D. Cal. 1984).  The conspiracy claims is further weakened by the fact that
19 plaintiff does not make clear that he is proceeding against  Korik as a defendant.

20 Local Rule 220 requires that an amended complaint be complete in itself without
21 reference to any prior pleading.  This is because, as a general rule, an amended complaint
22 supersedes the original complaint.  See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir.
23 2012) ("the general rule is that an amended complaint super[s]edes the original complaint and
24 renders it without legal effect... .")  Once plaintiff files an amended complaint, the original
25 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
26 original complaint, each claim and the involvement of each defendant must be sufficiently
27 alleged.

28 It appears unlikely to this court that plaintiff intended to abandon any claim of the original

1  complaint which survived defendants' motion to dismiss.  Accordingly, the court will dismiss
2  plaintiff's first amended complaint with further leave to amend within twenty-eight days.
3  Plaintiff is cautioned to incorporate all of his claims against both defendants in any second
4  amended complaint.  In doing so, plaintiff should not revive his claim of conspiracy between to
5  the two defendants as he has provided no factual predicate for such a claim.  Should plaintiff fail
6  to file a second amended complaint, this action will proceed on the claims of the first amended
7  complaint which has superseded the original complaint.  However, before doing so, the court will
8  recommend dismissal of any claim of conspiracy from the first amended complaint.

9       Plaintiff has requested the appointment of counsel.  The United States Supreme Court has
10 ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983
11 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional
12 circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §
13 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900
14 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, although plaintiff does appear to be
15 experiencing some confusion as to how to proceed in this action, the court has attempted herein to
16 clarify what is required and does not at this time find the required exceptional circumstances.
17 Plaintiff's request for the appointment of counsel will therefore be denied.

18      Finally, defendant Korik has filed a request for a protective order staying discovery until
19 after plaintiff's first amended complaint has been screened.  ECF No. 46.  Defendant Korik
20 indicates he has been served with interrogatories predicated on the original, now superseded
21 complaint, and has provided a copy of plaintiff's interrogatories propounded upon him.  ECF No.
22 46-1.  The court will grant the protective order staying discovery as to Rabbi Korik at this time as
23 it is not clear that he remains a defendant.  Upon the filing of a second amended complaint the
24 stay may be lifted.

25      Accordingly, IT IS HEREBY ORDERED that:
26     1. The first amended complaint is dismissed with leave to amend within twenty-eight
27 days as set forth above;
28      2. Should plaintiff elect to proceed upon the first amended complaint, the court will

3

recommend dismissal of both defendant Korik and plaintiff's claim of conspiracy from this action;

3. Defendant Korik's request for a protective order in the form of a stay of discovery at this time (ECF No. 46) as to plaintiff's interrogatories or any other discovery requests propounded by plaintiff upon him is granted;

4. Plaintiff's request for the appointment of counsel (ECF No. 44) is denied.

DATED: October 30, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009/md
alle1583.ord