1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KEVIN ALLEN,                                  No.  2:12-cv-1583 TLN AC P

12                      Plaintiff,

13          v.                                       ORDER

14    T. VIRGA, et al.,

15                      Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed

18    pursuant to 42 U.S.C. § 1983.  Presently before the court are plaintiff's motions to stay and for

19    appointment of counsel, ECF Nos. 48, 50,  as well as a second amended complaint, ECF No. 49.

20                                       BACKGROUND

21          Plaintiff's original complaint alleged that defendants Warden Virga and Rabbi Korik had

22    denied plaintiff a kosher diet in violation of his First Amendment right to practice his religion.

23    Defendants Virga and Korik brought motions to dismiss which were granted in part and denied in

24    part on September 16, 2013.  The motions to dismiss on statute of limitations grounds were

25    denied with prejudice.  The motions to dismiss on grounds of qualified immunity were denied but

26    without prejudice.  Defendant Virga's motion to dismiss for failure to state a claim was granted,

27    but plaintiff was granted leave to amend.  In addition, plaintiff was granted leave to amend to

28    state a claim under the Religious Land Use and Institutionalized Persons Act of 2000

1

1  ("RLUIPA"), 42 U.S.C. § 2000cc-1.  Plaintiff's prospective injunctive relief claims were

2  dismissed as moot and the matter proceeded at that point only on plaintiff's claims for money

3  damages.  See ECF No. 43 (Order adopting Findings and Recommendations (ECF No. 37)).

4      Plaintiff subsequently filed a timely first amended complaint which stated colorable

5  RLUIPA and First Amendment free exercise claims against defendant Virga, but which failed to

6  identify defendant Korik as a party and made insufficiently supported claims of conspiracy.  The

7  first amended complaint was dismissed with leave to file a second amended complaint.  See ECF

8  No. 47.  Defendant Korik's request for a protective order with respect to plaintiff's discovery

9  requests was granted, staying discovery as to defendant Korik because it was unclear whether

10  plaintiff intended to proceed against him.  Id.  Plaintiff, however, filed a timely second amended

11  complaint.  ECF No. 49.

SECOND AMENDED COMPLAINT

13      The second amended complaint states a cognizable claim for relief against defendants I.

14  Korik and T. Virga pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), for violating

15  plaintiff's First Amendment right to the free exercise of religion and of his rights under RLUIPA[1]

16  by denying him access to a kosher diet.  Defendants must file a response to the second amended

17  complaint within 21 days.

PLAINTIFF'S MOTIONS

19      Plaintiff filed a "motion to stay," on November 7, 2013, prior to the filing of his second

20  amended complaint.  Plaintiff seeks a stay in order for the court to determine "whether a non-

21  requested amended complaint ordered by the court for one defendant can reverse a final judgment

22  rendered against another defendant."  ECF No. 48.  Plaintiff evidently objected to defendant

23  Korik's having sought a protective order with regard to plaintiff's discovery requests because, at

24  least with respect to the original complaint, plaintiff was still proceeding against defendant Korik.

25  However, as plaintiff was informed in the order of October 31, 2013, his superseding first

26  amended complaint did not indicate he was proceeding against that defendant.  Therefore,

27

28  [1] Religious Land Use and Institutionalized Persons Act.

1   plaintiff's inapposite motion for a stay, which in any event is now moot, will be denied.

2          Plaintiff has also requested appointment of counsel.  The United States Supreme Court has

3   ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983

4   cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional

5   circumstances, the district court may request the voluntary assistance of counsel pursuant to 28

6   U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

7   Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

8          The test for exceptional circumstances requires the court to evaluate the plaintiff's

9   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

10  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

11  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

12  common to most prisoners, such as lack of legal education and limited law library access, do not

13  establish exceptional circumstances that would warrant a request for voluntary assistance of

14  counsel.  In the present case, the court does not find the required exceptional circumstances.

15         Accordingly, IT IS HEREBY ORDERED that:

16         1.  This matter now proceeds against defendants Korik and Virga on plaintiff's second

17  amended complaint, ECF No. 49,  for money damages on plaintiff's allegations of violation of his

18  First Amendment right to the free exercise of religion and his rights under RLUIPA;

19         2.  Defendants' response to the second amended complaint must be filed within 21 days;

20         3.  The stay of discovery by way of a protective order granted defendant Korik is hereby

21  lifted;

22         4.  Plaintiff's "motion for a stay," ECF No. 48, is denied;

23         5.  Plaintiff's request for appointment of counsel, ECF No. 50, is denied.

24  DATED: April 11, 2014

25  _____

    ALLISON CLAIRE
26  UNITED STATES MAGISTRATE JUDGE

27

28