1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KEVIN ALLEN,                               No.  2: 12-cv-1583 TLN AC P

12                  Plaintiff,

13          v.

14    T. VIRGA, et al.,                          ORDER

15                  Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S. § 1983.  In his

18    second amended complaint, plaintiff alleges that defendants Rabbi Korik and Warden Virga

19    denied him access to a kosher diet in violation of his First Amendment right to the free exercise

20    of religion and his rights under the Religious Land Use and Institutionalized Persons Act.  ECF

21    No. 49.  Pending before the court is defendants' motion for a stay of discovery pending

22    adjudication of their motion to dismiss.[1]  ECF No. 54.

23       I.      Defendants' Motion for a Protective Order Staying Discovery

24          On May 15, 2014, defendants moved for a protective order to stay discovery, asserting

25    that plaintiff had served his first set of interrogatories on defendants Korik and Virga.  ECF No.

26    54-1 at 1.  Defendants contend that they seek the stay, in the interests of judicial economy,

27    _____

28    [1] Defendants have brought a motion to dismiss plaintiff's second amended complaint pursuant to
      Fed. R. Civ. P. 12(b)(6), which plaintiff has opposed.  ECF Nos. 52, 55.

                                                  1

1    because the motion is potentially dispositive of one or all of plaintiff's claims, can be decided

2    absent additional discovery, could eliminate needless expenditure in responding to discovery

3    requests and no prejudice would arise from a brief delay.  Id. at 2-4.  Plaintiff has not opposed the

4    motion.

5         II.        Standards Governing Motion to Stay

6         The scope of discovery under Fed.R.Civ.P. 26(b)(1) is broad.  Discovery may be obtained

7    as to "any nonprivileged matter that is relevant to any party's claim or defense---including the

8    existence, description, nature, custody, condition and location of any documents or other tangible

9    things and the identity and location of persons who know of any discoverable matter."  Id.

10   Discovery may extend to relevant information not admissible at trial "if the discovery appears

11   reasonably calculated to lead to the discovery of admissible evidence."  Id.  The court, however,

12   may limit discovery if it is "unreasonably cumulative or duplicative," or can be obtained from

13   another source "that is more convenient, less burdensome, or less expensive"; or if the party who

14   seeks discovery "has had ample opportunity to obtain the information by discovery"; or if the

15   proposed discovery is overly burdensome.  Fed.R.Civ.P. 26(b)(2)(C)(i), (ii) and (iii).

16        A party may seek a protective order that stays discovery pending resolution of a

17   potentially dispositive motion such as a motion to dismiss pursuant to Federal Rule of Civil

18   Procedure 12(b)(6).  See, e.g., Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir.2002) (affirming

19   district court's grant of protective order staying discovery pending resolution of motion to dismiss

20   filed pursuant to Federal Rule of Civil Procedure 12(b)(6)).  District courts may exercise "wide

21   discretion in controlling discovery."  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.1988).

22        The Federal Rules provide that good cause is required in order for a party to obtain a

23   protective order.  Fed. R. Civ. P. 26(c); Kiblen v. Retail Credit Co., 76 F.R.D. 402, 404 (E.D.

24   Wash. 1977).  "Good cause" exists when justice requires the protection of "a party or person from

25   any annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P.

26   26(c)(1).  To prevail on a motion for a protective order, the party seeking the protection has the

27   burden to demonstrate "particular and specific demonstration[s] of fact, as distinguished from

28   conclusory statements . . . ."  Twin City Fire Ins. Co. v. Employers Ins. of Wausau, 124 F.R.D.

1    652, 653 (D.Nev. 1989); Kamp Implement Co. v. J.I. Case Co., 630 F. Supp. 218, 219 (D. Mont.

2    1986).

3         The Ninth Circuit has not articulated a clear standard for staying discovery in the face of a

4    pending, potentially dispositive motion.  Mlejnecky v. Olympus Imaging Am., Inc., No. 2:10-cv-

5    2630-JAM-KJN, 2011 WL 489743 at *6 (E.D. Cal. 2011).  "However, federal district courts in

6    California have applied a two-part test when evaluating such a request for a stay."  Id.; Lowery v.

7    F.A.A., 1994 WL 912632, *3 (E.D. Cal. 1994).  "First, the pending motion must be potentially

8    dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed."

9    Mlejnecky, *6.  In the second part of the test, the court must determine whether the potentially

10   dispositive pending motion can be decided without additional discovery.  Id.  If these two prongs

11   are satisfied by the moving party, the court may issue a protective order.  Id.  If either prong of

12   the test is not met, discovery should proceed.  Id.

13       III.    Discussion

14       In the instant case, defendants contend that their pending motion is potentially dispositive

15   or, at a minimum, possibly dispositive on the issue at which the discovery is directed.  ECF No.

16   54-1 at 3 (citing Mlejnecky, 2011 WL 489743 at *6 (citations omitted)).  They maintain that the

17   motion can be decided without additional discovery because on a motion to dismiss, the court

18   considers the allegations of the operative complaint and not evidence acquired by way of

19   discovery.  Id. at 4 (citing Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 633, 654 (U.S.

20   1999); Mlejnecky at *10).  Even if the motion does not resolve this case, as defendants further

21   observe, if any portion of their motion is granted, the claims and the scope of permissible

22   discovery may be narrowed.  Id.

23       The court finds that both prongs of the test are met in that the motion is potentially case

24   dispositive or at a minimum may narrow the issues.  In addition, the motion can be adjudicated

25   without further discovery.

26       Moreover, a Scheduling and Discovery Order has not yet issued in this case.  This court

27   had imposed a stay on discovery as to defendant Korik, ECF No. 47, which was lifted upon the

28   court's screening of the second amended complaint.  ECF No. 51.  However, the court now finds

                                                    3

1  that defendants should not be subjected to the undue burden or expense of responding to

2  discovery which may ultimately prove not to be reasonably calculated to lead to the discovery of

3  relevant evidence.

4      Accordingly, IT IS ORDERED that defendants' motion for a protective order staying

5  discovery (ECF No. 54) is GRANTED.  Discovery in this case is stayed until resolution of the

6  pending motion to dismiss.

7  DATED: September 17, 2014

8  _____
   ALLISON CLAIRE

9  UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4